IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD R. WEAVER,

       Petitioner,

    v.

JEFF PREMO, Supt.
Oregon State Penitentiary,

       Respondent.

Civil No. 6:14-cv-261-PA

OPINION AND ORDER

      ROBERT W. RAINWATER
      1327 SE Tacoma Street
      Suite 239
      Eugene, OR  97401-4049

         Attorney for Petitioner

      ELLEN F. ROSENBLUM
      Attorney General
      SAMUEL A. KUBERNICK
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, OR  97301

         Attorneys for Respondent

1 - OPINION AND ORDER -

PANNER, Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court DENIES the Petition for Writ of Habeas Corpus (#1).

## BACKGROUND

In 1983, petitioner pleaded guilty to a number of sex offenses and was sentenced to a total indeterminate term of imprisonment of 70 years. The Oregon Board of Parole and Post-Prison Supervision (the "Board") set petitioner's initial prison term at 420 months.

On July 16, 2008, the Board held a parole review hearing to determine whether petitioner was entitled to a reduction in his prison term based on his behavior between October 1, 1993, to October 2005. At the hearing, petitioner was allowed to submit documents and make a statement to the Board, and to call a witness on his behalf. Board members also questioned petitioner about the review period.

Following the hearing, the Board granted a total reduction of four months in petitioner's prison sentence.[1]  On September 3, 2008, petitioner requested an administrative review of the Board's

---

[1]Under Oregon Administrative Rule 255-40-025, the Board had the discretion to grant a prison-term reduction of up to 20 percent, or 84 months.

2 - OPINION AND ORDER -

decision.   On February 9, 2010, the Board denied petitioner's appeal.   Petitioner then filed a petition for review with the Oregon Court of Appeals, which the Court denied without opinion. *Weaver v. Board of Parole and Post-Prison Supervision*, 257 Or.App. 294, 304 P.3d 53 (2013).   The Oregon Supreme Court denied review. *Weaver v. Board of Parole and Post-Prison Supervision*, 315 P.3d 421 (2013).

On February 14, 2014, petitioner filed a Petition for Writ of Habeas Corpus in this court.   Petitioner alleges that the Board violated Petitioner's due process rights in several respects in deciding to grant only a four-month prison term reduction.

## DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law under the AEDPA if it either fails to apply the correct Supreme Court authority or applies the correct controlling authority to a case

3 - OPINION AND ORDER -

involving "materially indistinguishable" facts but reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 405-07, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted).

Where state law creates a liberty interest in parole, the Supreme Court has held that "the Due Process Clause requires fair procedures for its vindication--and federal courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, 562 U.S. 216, 131 S.Ct. 859, 862 (2011). The procedures required to satisfy due process requirements in the parole context, however, are minimal, and include only an opportunity to be heard and provision of a statement of the reasons why the parole was denied. *Id.* (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). Further, "[b]ecause the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly." *Id.* at 836 (emphasis supplied).

Here, assuming without deciding that Oregon law creates a liberty interest in parole and due process attaches to a parole

4 - OPINION AND ORDER -

hearing involving an entirely discretionary decision, petitioner received at least the minimal amount of required process: petitioner received notice of the personal review hearing, and had an opportunity to be heard, and the Board provided petitioner with a statement explaining the decision to grant him a four-month prison term reduction.

Petitioner's argument that the facts before the Board did not support the Board's ultimate decision to grant only a four-month reduction is a substantive challenge to the Board's decision foreclosed by *Swarthout*.  In the parole context, sufficiency of the evidence is not a protected due process right.  *Watts v. Oregon Bd. of Parole and Post-Prison Supervision*, Case No. 6:13-cv-02010-HZ, 2014 WL 2894649, *2 n.1 (D. Or., June 23, 2014). Instead, whether an inmate is given an opportunity to be heard and provided a statement of the reasons as to why his parole was denied is "the beginning and the end of the federal habeas courts' inquiry. . . ."  *Swarthout*, 131 S.Ct. at 862.  Accordingly, petitioner is not entitled to habeas corpus relief.[2]

---

[2]Because the court finds petitioner is not entitled to relief on the merits of his due process claims, respondent's procedural default argument need not be addressed. *See Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (federal habeas court may bypass question of procedural default to deny claim on the merits); 28 U.S.C. § 2254(b)(2) ("[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state").

5 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the court DENIES the Petition for Writ of Habeas Corpus.

The court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).


IT IS SO ORDERED.

DATED this __17__ day of June, 2015.

Owen M. Panner
United States District Judge

6 - OPINION AND ORDER -